UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN B. ISKOW,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                    /

Case No. 2:15-cv-14415

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE PATRICIA T. MORRIS

**OPINION AND ORDER OVERRULING OBJECTIONS
[16], ADOPTING REPORT AND RECOMMENDATION [15],
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9],
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

The Commissioner of the Social Security Administration ("SSA") denied Norman Iskow's application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). The SSA Appeals Council declined to review the ruling, and Iskow appealed. The Court referred the matter to the magistrate judge and the parties filed cross-motions for summary judgment. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant Iskow's motion and deny the Commissioner's motion. Notwithstanding the magistrate judge's recommendation in his favor, Iskow filed objections that were timely, but obviously unnecessary and insensitive to the Court's scarce judicial resources. Having now examined the record and considered the objections de novo, the Court will largely disregard and overrule the objections, adopt the Report, grant Iskow's motion for summary judgment, deny the Commissioner's motion for summary judgment, and remand the case for further proceedings consistent with the Report.

## BACKGROUND

The Report properly details the events giving rise to Iskow's action. Report 1–2, 5–6, ECF No. 15. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he

implicitly resolved such conflicts." *Id.*

## DISCUSSION

Iskow objects to the Report insofar as it does not specify that the ALJ should give further consideration to Iskow's "mental capacity secondary to mental illness, pain, medications and fatigue," beyond revisiting Iskow's capacity for lifting. *Id.* The Commissioner argues that the Court need not address the objections because on remand "the ALJ will conduct a new hearing and consider the record anew to determine whether [Iskow] is entitled to Supplemental Security Income benefits." Reply 2, ECF No. 17.

The Commissioner is correct. The magistrate judge recommended that the case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Report 41, ECF No. 15. The Court will order the same on remand here. A new hearing will afford the ALJ an opportunity to address issues raised in Iskow's objections. The magistrate judge did not need to specify each aspect that should be considered on remand. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (stating that sentence four of 42 U.S.C. § 405(g) allows the Court to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing"). Accordingly, the Court will overrule Iskow's objections, and remand the case for further proceedings consistent with the Report and pursuant to sentence four of 42 U.S.C. § 405(g).

Iskow is cautioned not to waste the Court's time by filing fruitless objections in the future.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Iskow's Objections [16] are **OVERRULED**, and the magistrate judge's Report and Recommendation [15] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Iskow's Motion for Summary Judgment [9] is **GRANTED**, and the Commissioner's Motion for Summary Judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** for further proceedings consistent with the Report and the instant Order, pursuant to sentence four of 42 U.S.C. § 405(g).

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 10, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 10, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager